UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RAYSHAWN BENNETT,

                          **AMENDED COMPLAINT**

                          JURY TRIAL DEMANDED

      Plaintiff,

                          **Index No. 14 Civ. 4197 (KBF) (HBP)**

   -Against-

**CITY OF NEW YORK and POLICE OFFICER
JOHN DOE # 1, in his Individual and Official Capacity.**
          Defendants,
_____X

Plaintiff Rayshawn Bennett, by his attorney, LAUREN P. RAYSOR, complaining of the defendants, respectfully alleges upon information and belief as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. Section 1983, and 42 U.S.C. Section 1988, for violations of his civil rights as said rights are secured by said statutes, and the Constitution of the State of New York and of the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. Section 1983, and the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and under 28 U.S.C. Sections 1331, 1343, and under 42 U.S.C. Sections 1988, and 28 U.S.C. Section 1367. Plaintiff requests that this Court exercise pendent jurisdiction over those State law claims arising out of the same common nucleus of operative facts as do plaintiffs' federal claims.

1

**VENUE**

3. Under 28 U.S.C. Sec. 1391(b), venue is proper in the Southern District of New York because the events giving rise to the plaintiffs' claims occurred in that District.

**PARTIES**

4. Mr. Bennett is an African American male, and citizen of the United States residing in New York City, New York.

5. That defendant Police Officer John Doe No. 1, was, and is still believe to be at all times relevant herein, duly appointed, and an acting employee of the New York City Police Department.

6. That the defendant officer named herein is a current member of the New York City Police Department assigned to the 28th police precinct located in New York City, New York.

7. That the individual defendants involved in the incident underlying this lawsuit were at all times mentioned in this complaint, agents, servants and employees acting within the scope of their employment by Defendant City of New York, and were duly appointed police officers in the New York City Police Department acting within their individual, and official capacity, and acting under color of law, that is under color of law of the Constitution, statutes, laws, charter, ordinances, rules, regulations, custom and usages of the State of New York, and the City of New York.

8. That at all times hereinafter mentioned the defendants, either personally, or through their employees, were acting under color of state law and or in compliance with the official rules regulations, laws, statutes, customs, usages, and or practices, of the city of New York Police

Department which plaintiff believes were in effect on April 22, 2013, which were deliberately indifferent to Plaintiff's Constitutionally protective rights, and resulted in injuries to the plaintiff.

## FACTS

9. Plaintiff repeats, reiterates and re- alleges each and every allegation contained in paragraphs 1 through 8, with the same force, and effect as if fully set forth herein.

10. On or about April 22, 2013, at approximately 7:30 pm, Plaintiff was lawfully riding his black, and red bicycle on a public roadway, in the vicinity of 129th and 128th street, near Third Ave, New York City, when he was suddenly approached by whom plaintiff believed was an undercover New York City Police Officer, driving a black unmarked police vehicle.

11. The unmarked police officer noticed the Plaintiff riding on his bike and proceeded to accelerate his vehicle into the direction of the Plaintiff, and deliberately interfered with Plaintiff's right of way by attempting to "cut off" the Plaintiff's path, without cause or justification, or reasonable suspicion that Plaintiff was or had been engaged in criminal activity.

12. The Defendant police officer's actions were intended to, and did cause Plaintiff undue anxiety, and fear.

13. The defendant police officer exited his vehicle and proceeded to grab Plaintiff's body and slammed Plaintiff against a wall, and threw Plaintiff onto the ground causing Plaintiff to suffer tremendous pain, fear, and anxiety and public humiliation.

14. Plaintiff Bennett sustained bruises to his face and body.

15. Defendant police officer, John Doe No. 1, then deliberately slapped Plaintiff in the face, and proceeded to place his knees onto Plaintiff's back, while pressing Plaintiff's face into

3

the ground without legal justification or probable cause to have attacked the Plaintiff with such vicious use of unreasonable force.

16. Plaintiff sustained injures to his face, and, back for which he sought immediate medical treatment from St. Luke's' Emergency Department, located at 1111 Amsterdam Avenue, New York City, where Plaintiff was diagnosed with Sciatica: back pain, and with "having a "Lumbosacral Strain" a muscle injury in his lower back.   Plaintiff was treated by Dr. Jamie Edelstein, of emergency medicine.

17. The unidentified police officer, unlawfully converted Mr. Bennett's bicycle by taking Plaintiff's property to the 23rd police precinct located at 164 east 102nd Street, NY, NY without probable cause or reasonable suspicion that Mr. Bennett was engaged in any unlawful   l activity.

18. Plaintiff was stopped, confined, and held in custody against his will, without freedom to move, due to the unlawful actions of the undercover police officer referred hereto as defendant John Doe No. 1.

19. The force inflicted upon the Plaintiff by the unidentified police officer John Doe No. 1, was unreasonable, unlawful, and without privilege to have believed that the Plaintiff posed a threat to the officer, and that the officer had no reasonable belief to believe that his actions were lawful.

20. Defendant officer John Doe No. 1, conspired with Police officers Fernando Lopez, Tax Id No. 953010, of the 23rd police precinct, and officer Christophe Treubig, Tax Id. No. 9353010 also of the 23rd police precinct , by invoicing Plaintiff's bicycle under Invoice number 10000323471 and under Complaint No. 2013-023-02338, on April 22, 2013.  (See Exhibit" A")

21. According to the police invoice the officers charged Mr. Bennett with "Criminal Mischief", under Penal Code 145.00 on April 22, 2013.  Mr. Bennett's name however, is not

entered on the police officer's property invoice which acknowledges a "Black and Red" Bicycle".

22. The property invoice referred to above has no arrest number, nor does it contain a Summons Number, or NYSID No. ( See Exhibit" A")

23. These factual allegations support Plaintiff's contentions that he was falsely arrested, imprisoned, and was the victim of excessive and unreasonable force inflicted upon him by the defendant police officer.

24. The unlawful actions by the defendant constitutes intentional, and unlawful acts which violated Mr. Bennett's' Constitutional rights for which he now seeks compensation.

**FIRST CLAIM FOR RELIEF FOR DEPRIVATION OF FEDERAL RIGHTS UNDER 42 U. S .C.  SECTION 1983**

25. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1 through 24", with the same force, and effect as if fully set forth herein.

26. That all of the aforementioned acts of defendants, their agents, servants, and employees, were carried out under color of state law.

27. That all of the aforementioned acts deprived Plaintiff of his rights, privileges and immunities guaranteed to him under the Constitution of the United States  in accordance with the Fourth, Fifth, and Fourteenth Amendments, and in violation of 42 U.S.C. Section 1983.

28. The acts complained of were carried out by the aforementioned defendant in their capacity as police officers within the New York City Police Department, and with all actual and or apparent authority attendant thereto.

29. The acts complained of were carried out by the defendant in his capacity as police officers of the City of New York pursuant to the customs, usages, patterns and practices, procedures, policies and rules established by the City of New York which led to the deliberation indifference of Plaintiff's Constitutional rights for which the City of New York knew would result in an unlawful encounter with people of color such as the Plaintiff.

30. Defendant, while acting under color of law, engaged in conduct which constituted a custom, usage, pattern and practice, procedure or rule of his respective municipal authority which is forbidden by the Constitutional of the United States.

31. As a direct and proximate result of the aforementioned conduct by the Defendant, Plaintiff suffered mental anguish, pain, suffering, trauma, embarrassment, humiliation, apprehension, anxiety, shock, and fright.

32. Plaintiff was inconvenience and suffered a loss of liberty and was caused physical and, emotional distress for which he now seeks compensatory damages.

## SECOND CLAIM FOR RELIEF FOR
## FALSE ARREST UNDER 42 U.S. C. SECTION 1983.

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1 through 32" with the same force and effect as if fully set forth herein.

34. The common law tort of false arrest is a species of false imprisonment, and action derived from the ancient common- law action of trespass that serves to protect the personal interest of freedom from restraint of movement." **Singer v. Fulton County Sheriff**, 63 F. 3d 110, (2d Cir. 1995) (quoting **Broughton v. State of New York**, 37 N.Y. 2d at 93, 335 N.E 2d at 314.

35. Under New York Law, there are four elements of a false imprisonment claim: (1) the defendant intended to confine the plaintiff, (2), the plaintiff was conscious of the confinement,

(3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." **Id**.  The **Singer Court** also cited **Hygh v. Jacobs**, 961 F 2d 359, at 366 ("the elements of a claim of false arrest under section 1983 are substantially the same as the elements of a false arrest claim under New York Law."

36.  Plaintiff Rayshawn Bennett alleges in his complaint that the police officer driving an unmarked police car, "bumped his leg with his police vehicle while plaintiff was still on his bike.

37.  Plaintiff also alleged that the officer exited his vehicle, and grabbed the Plaintiff, and then slammed plaintiff to the ground causing bruising to his face and body.

38.  Plaintiff alleges that the unknown officer "**slapped him in the face and kneed him in his back so hard causing him to experience a great deal of pain**" .

39.  Plaintiff's claim under section 1983 for false arrest recognizes the same state elements, but also rests on the right of the individual to be free from unreasonable seizures, including arrest without probable cause.

40.  Mr. Bennett was intentionally, and unlawfully, confined by the unidentified police officer, in that Plaintiff was sufficiently and significantly deprived of his liberty, and was not free to move, his liberty was severely restricted by the defendant officer.

41.  Plaintiff was conscious of defendant's illegal restraint and use of force, and was well aware of the facts that he was being tormented by an undercover police office, without probable cause, and that the defendant officer certainly intended to confine the Plaintiff during defendant's unwarranted illegal actions, all without legal justification, probable cause, or privileged.

42.  The defendant lacked reasonable suspicion to stop, and or detained Mr. Bennett.  In addition, probable cause was lacking for the excessive, and unnecessary use of force inflicted upon the Plaintiff by the unidentified police officers.

43. The arresting officer lacked knowledge or reasonable trustworthy information sufficient to warrant a person of reasonable caution in the belief that Plaintiff Bennett had been engaged in an unlawful offense at the police encounter set forth above.

41. Mr. Bennett, a male of African American decent, was slapped in his face, and thrown to the ground, and left unattended on a public street, injured, humiliated, assaulted and battered, by a yet to be identified New York City Police Officer.   It is clear on its face of the Plaintiff's complaint that the incident occurred without legal justification and that officers engaged in a cover up of their unlawful actions.

## AS AND FOR A THIRD CLAIM
## ON BEHALF OF THE PLAINTIFF, RAYSHAWN BENNETT FOR FALSE IMPRISONMENT: US.C. SECTION 1983.

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1 through 41", with the same force and effect, as if fully set forth herein.

43. The Fourth Amendment right implicated here under a claim of False Imprisnment is predicated on the individual's right to be free from unreasonable search and seizure, and the right to be free of unreasonable, or unwarranted restraints of a personal liberty.

44. The tort of false imprisonment is committed when a person intentionally confines another which includes restraint in an open street.

45.  The restraint must be more than a mere obstruction of the plaintiff's right to go wherever she pleases.  Confinement can be achieved by the use of unlawful physical force.

46. The defendant must have intended to confine the Plaintiff and that there was actual confinement, and the individual was aware of the fact that he is being confined.

47. The threat, and, or use of violence, as in the instant case, constitutes confinement.

48. That due to the nature of the physical force used by the defendant police officer in slapping Plaintiff's face, and throwing, and slamming Plaintiff's body to the ground, caused Plaintiff to be in imminent fear for his life

47. Plaintiff Bennett was not free to move and was in the custody of the defendant police officer.

48. The Defendant's intentional act to restrict Plaintiff's freedom of movement by violently inflicting pain, and punishment, without due process of law, clearly violated Plaintiff's constitutional rights for which Plaintiff has a legal right to seek compensation for his injuries in accordance with section 1983.

49. By reason of the foregoing, the plaintiff was intentionally confined without privilege or probable cause, and that the defendant could not have believed that a crime had been committed by the plaintiff.

50. Plaintiff was aware of and did not consent to the confinement. Plaintiff was thereby falsely arrested and imprisoned.

51. Mr. Bennett has been severely injured as a direct and proximate result of the intentional acts by the defendant police officer.

## AS AND FOR A FOURTH CLAIM
## ON BEHALF OF THE PLAINTIFF, RAYSHAWN BENNETT FOR ASSAULT.

52. That plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through "51", with the same force and effect as though more fully set forth at length herein

53. That the defendants, their agents, servants and /or employees, without cause or justification, or the consent of the plaintiff, intentionally placed the plaintiff in fear of imminent physical harm.

54. That by reason of the foregoing the plaintiff Rayshawn Bennett has been unlawfully injured, and seeks compensation against the defendant officer for pain, suffering, physical and emotional distress.

55. Plaintiff Bennett was assaulted by officer John Doe # 1 in that the officer intentionally placed Plaintiff in apprehension of fear, and imminent harm, and offensive contact by defendants' unlawful, and unprivileged use of force against the Plaintiff.

56. Defendant slapped Plaintiff in his face, and threw plaintiff to the ground which resulted in serious physical and emotional injuries to the Plaintiff, for which Plaintiff now seeks compensation.

57. That it is clear from Plaintiff's allegations set forth in his complaint, that Plaintiff had reasonable apprehension of imminent harm due to defendant's offensive actions against him.

58. The defendant police officer intentionally placed Plaintiff in reasonable fear of an imminent battery, without privilege or justification.

59. Mr. Bennett has stated throughout his complaint that he was thrown to the ground, and slapped in his face by an undisclosed police officer without legal justification.

60. The officer then took Mr. Bennett's bike without proper authority, or probable cause to the 23rd police precinct.

61. Plaintiff's bicycle is still being unlawfully held by the New York City Police Department through the 23rd police precinct.

62. Plaintiff Bennett was assaulted by officer John Doe # 1 in that the officer intentionally placed Plaintiff in a state of apprehension, fear, and imminent harm and offensive contact by defendants', unlawful and unprivileged use of force against the Plaintiff by slapping Plaintiff's

face and throwing plaintiff to the ground which resulted in serious physical, and emotional injuries to the Plaintiff, for which Plaintiff now seeks compensation.

## AS AND FOR A FIFTH CLAIM
## ON BEHALF OF THE PLAINTIFF RAYSHAWN BENNETT FOR BATTERY.

63. That the plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1" through " 62", with the same force and effect as though more fully set forth at length herein.

64. That on or about April 22, 2013, defendant officer John Doe No. 1 without cause or justification, and without the consent of the plaintiff, did wantonly, unlawfully, and intentionally engaged in unlawful physical contact which caused injuries to the plaintiff as set forth above.

65. That as a result of the foregoing battery on the part of the defendant, the plaintiff was rendered sick, sore, and physically disabled, and was caused to suffer emotional injuries.

66. That defendant police officer was the direct and proximate cause of Plaintiff's injuries to his face and back due, to defendant's illegal action of slamming Plaintiff's face against the ground, and slamming Plaintiff's body to the ground unnecessarily, unlawfully and without legal justification or privilege.

67. That Mr. Bennett has suffered, and will continue to suffer agony in body and mind.

68. That by reason of the foregoing, the plaintiff Rayshawn Bennett has been damaged and is hereby seeking compensation for his injuries against the defendant.

## AS AND FOR A SIXTH CLAIM
## ON BEHALF OF THE PLAINTIFF, FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

69. That the plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered " 1" through "68", with the same force and effect as though more fully set forth at length herein.

70. That the defendant, by their police officers, agents, servants and/or employees, engaged in actions intended to inflict emotional trauma on the plaintiff, Rayshawn Bennett..

71. That by reason of the foregoing, the plaintiff, has suffered physical pain and suffering, mental and emotional distress, sustained injuries to his face and back, and sought emergency medical treatment due to defendant John Doe. No.1,slamming plaintiff to the ground, and slapping the plaintiff in his face, and unlawfully taking away his private property without just compensation.

72. Bennett's claim for the Intentional Infliction of Emotional Distress was caused by the defendant New York City Police officer who intentionally and without reason, and without privilege or probable cause, slammed plaintiff to the ground causing injuries to his face and, back, and slapped plaintiff on his face, all without provocation or cause.

62. New York State Law for the Claim of Intentional Infliction of Emotional Distress is well established and recognized throughout the State of New York.  The tort has four (4) elements; 1) extreme and outrageous conduct, 2), intent to cause severe emotional distress, 3), a causal connection between the conduct and the injury, and 4) severe emotional distress.

63. New York Court have recognized this claim when the conduct complained of " is so outrageous and the character of the action, is so extreme in degree,  as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society.

65. Plaintiff alleges that the extent and degree as well as the character conducted by the defendant in the instant action, is legally prohibitive to the degree that it shocks the conscious of an objective person which caused injuries to the Plaintiff.

66. That the manner of the force inflicted upon the Plaintiff by the defendant police officer was  clearly intended to cause the Plaintiff extreme physical damage to his mind and body by

12

the defendant's willful and deliberate slamming Plaintiff's body to the ground which indeed cause Plaintiff great emotional and physical harm.

70. Plaintiff sustained physical injuries from the intentional conduct of the defendant police officer which required Plaintiff to seek immediate medical treatment.

71. Thus, Bennett seeks compensation for his physical and emotional injuries caused by the defendant in that the officer intentionally placed Plaintiff in apprehension of fear, and imminent harm and engaged in offensive contact by defendants' unlawful and unprivileged use of force against the Plaintiff by slapping Plaintiff's face and throwing plaintiff to the ground.

72. The defendant police officer intentionally placed Plaintiff in reasonable fear of an imminent battery.

73. Mr. Bennett stated throughout his complaint that he was thrown to the ground, slapped in his face by the currently undisclosed police officer.

74. The officer then took Mr. Bennett's bike without proper authority, or probable cause to the 23rd police precinct which is still being unlawfully held by the New York City Police Department.

75. New York State Law for the Claim of Intentional Infliction of Emotional Distress is well established and recognized throughout the State of New York. The tort has four (4) elements; 1) extreme and outrageous conduct, 2), intent to cause severe emotional distress, 3), a causal connection between the conduct and the injury, and (4), severe emotional distress.

76. The Plaintiff indicated in his complaint that the officers' conduct as set forth above was extreme and outrageous.

77. New York Court have recognized this claim when the conduct complained of " is so outrageous and character and so extreme in degree as to go beyond all possible bounds of

decency, and to be regarded as atrocious and utterly intolerable in a civilized society."

**Murphy v. American Home Products Corp**., 58 N.Y. 2D 293, 303,461 N.Y.S.2d 232 ,236, 448 N.E. 2d 86, 90 (1983). (Quoting Restatement of Torts, Second: Section 46 cmt.d (1965).

78. The defendant police officer clearly intended to cause the Plaintiff extreme physical damage to his mind and body by willfully and deliberately slamming Plaintiff's body to the ground which indeed cause Plaintiff great emotional harm.

79. That Plaintiff also sustained physical injuries from the intentional conduct, thus Plaintiff seeks compensation against the Defendant Police Officer for the claim of Intentional Infliction of Emotional Distress.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF THE PLAINTIFF, RAYSHAWN BENNETT AGAINST THE DEFENDANT OFFICER JOHN DOE. NO. 1, FOR VIOLATION OF THE PLAINTIFF'S CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE USE OF FORCE**

80. That the plaintiff repeats, reiterates and realleges each and every allegation contained in Paragraphs Numbered "1 through "80", with the same force, and effect as though more fully set forth at length herein.

81. That at all times herein mentioned the plaintiff, Rayshawn Bennett, was and still is a citizen of the United States and a resident of the county of New York, City of New York, and State of New York.

82. That at all times herein mentioned the defendant, the City of Yonkers, New York, was and still is a municipal corporation duly organized and existing under and by virtue of the Laws of the State of New York which has established and maintained the City of New York Police Department as a constituent department or agency.

83. That at all times herein mentioned and upon information and belief the Defendant Police Officers, John Doe No. 1, was and still is employed by the City of New York.

84. That at all times herein mentioned the defendant, City of New York maintained and operated and controlled the Police Department within the City of New York.

85. That at all times hereinafter mentioned, the City of New York, employed police officers in its police force.

86. That at all times hereinafter mentioned the police officers employed by the defendant, were servants, agents and or employees of the defendant, New York City and were acting within the scope of their employment at the time of this alleged incident.

87. That Defendant officer engaged in the unlawful use of force against Plaintiff as set forth above within the paragraphs described therein.

88. The Plaintiff Bennett sustained physical injuries from the defendant police officer's unlawful beating of Plaintiff.

89. Plaintiff suffered humiliation, degradation and embarrassment and severe mental stress which was the direct and proximate cause of the defendant's illegal and wanton use of force.

90. That by reason of the foregoing Plaintiff was caused to suffer physical and emotional distress due to the unlawful actions of the Defendant Police officer.

91. As a consequence thereof, plaintiff, suffered great mental and bodily distress and has been greatly injured thereby.

**REQUEST FOR RELIEF**

WHEREFORE, plaintiff respectfully demands the following judgment be entered as follows:

(A)  Compensatory damages in the amount of $ 5,000,000.

(B)  By reason of the wanton, willful and malicious character of the conduct complained of herein, punitive damages in the amount of $ 5, 000,000.

(C)  An award to plaintiff of the costs and disbursements herein.

(D)  An award of reasonable attorney fees under 42 U. S. C. Section 1988.

(E)  Such other and further relief as the Court deems just and proper.

Dated: October 15, 2014

    Mt. Vernon, New York


                             Respectfully Submitted

                               /s/ Lauren P. Raysor
                         By:  Lauren P. Raysor, Esq. (LPR 1551)
                              The Law Offices of Lauren P. Raysor
                              11 West Prospect Avenue
                              Mt. Vernon, New York 10550
                              Attorney for the Plaintiff
                              (914) 733-8080

TO:
ZACHARY W. CARTER
Corporation Counsel of
The City of New York
Attorney for Defendants
100 Church Street
New York, New York 1007
212-356-2657

Att: Rosemari Y. Nam, Esq.
Assistant Corporation Counsel